

The following constitutes the order of the Court.
Signed: April 11, 2019

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SARAH-JANE PARKER,<br><br>Debtor. | Case No. 14-44083 CN<br>Chapter 13<br><br>**ORDER AWARDING ATTORNEYS' FEES AND COSTS** |

On January 29, 2019, this court entered a Memorandum Decision After Trial on debtor Sarah-Jane Parker's motion for damages for violations of the automatic stay and contempt of the discharge injunction. The court found that (collectively) respondents willfully violated the automatic stay and awarded Parker $44,000.00 in actual damages and $10,000.00 in punitive damages. The court instructed Parker to file an application for attorney's fees and costs ("Application"), which she filed on March 3, 2019. The Application requests $438,890.00 in fees and reimbursement of $17,285.05 in costs. Respondents Bayside Court Owners Association, Inc., Andrew S. Cantor, Lawrence Drouin, Justin Hu, Laurence Jennings, and Raj Patel objected to the Application, and the court conducted a April 1, 2019 hearing on the Application.

Parker's attorneys' fees and costs represent damages caused by respondents' willful violations of the stay. *Easley v. Collection Serv. Of Nev.*, 910 F.3d 1286, 1292 (9th Cir. 2018). Section 362(k) permits her to recover reasonable fees and costs, and this court retains the discretion to disallow unnecessary or plainly excessive fees. *In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir. 2015). Even though fees and costs are awarded as actual damages under § 362(k), "the same

1

principles that govern the award of professional compensation under § 330 also guide the allowance of fees and costs under § 362(k)." *In re Orian,* 2018 Bankr. LEXIS 3734, *21 (Bankr. 9th Cir. 2018). While it is not unusual or unexpected that in some instances the fee award will exceed a debtor's other actual damages, a debtor is still duty bound to mitigate her damages, including the attorney's fees and costs incurred. *In re Roman,* 283 B.R. 1, *12 (Bankr. 9th Cir. 2002); *See also In re Orian,* 2018 Bankr. LEXIS 3734, *21 (Bankr. 9th Cir. 2018). One way to determine whether a debtor has complied with her duty to mitigate is to consider who caused the attorney's fees to be incurred - the debtor or her creditors. *Ibid.*

After carefully reviewing the fee application and the opposition thereto, the court believes that some reduction in the Application is warranted.[1]

**1. The Drafting of the Motion**

The automatic stay litigation in this case was extensive. Parker filed an oversized motion on November 3, 2015, and the trial on her § 362(k) claims did not conclude until almost three years later. In the interim, the parties conducted extensive general and expert discovery (which led to some discovery disputes which necessitated this court's intervention), attended several status conferences, and fought over a summary judgment motion and the contents of a pre-trial order. While Parker filed her § 362(k) motion on November 3, 2015, her time records in support of her fee application begin with an entry on October 8, 2014 (the very same day she filed her Chapter 13 bankruptcy), and they further reflect that her counsel actually started to research and draft the § 362(k) motion on January 14, 2015. Between January 2015 and November 2015, Parker's attorneys logged more than 160 hours dedicated to researching, drafting and revising the § 362(k) motion, which ultimately alleged numerous, disparate acts which purportedly violated the automatic stay.

The court believes that little of the time recorded before January 14, 2015 is awardable. To remind the parties, Parker filed her Chapter 13 case primarily to stay BCOA's Alameda County Superior Court litigation against her. Her Chapter 13 plan surrendered her interest in Unit 990 to her

---

[1] Respondents do not object to Fong & Fong's hourly rates, and the court believes that its hourly rates are reasonable.

2

**ORDER AWARDING FEES AND COSTS**

secured creditors (which included BCOA), so it is not surprising that some basic Chapter 13 time and effort was necessary to address some lingering issues regarding Unit 990. With only a few exceptions (which include the time entries regarding BCOA's settlement offer), this early time does not relate to the stay violations. A reduction of $3,890.00 is therefore necessary.

The court also believes that the time preparing the § 362(k) motion was excessive. The time requested represents nearly a full month of billable time, and the court is hard pressed to believe that the motion required this much effort. While the court understands that the motion alleged disparate violations that occurred over several months, the motion was probably redrafted with each violation, which consumed needless attorney time. The court believes this work reasonably should have taken approximately 100 hours, and a reduction of $22,400.00 is necessary.[2]

Respondents claim that Parker's nearly eleven month delay in filing the motion, combined with a failure to send cease and desist letters, constitutes a failure to mitigate damages. Respondents contend that many of the stay violations would not have occurred if Parker had promptly raised her §362 concerns. The facts adduced at trial do not support this argument. This case is unlike the typical stay violation contested matter where the violations consist of the same act carried out multiple times. Here, the violations included post-petition demands to settle pre-petition litigation, collection of pre-petition HOA fees, imposition of HOA fines for from pre-petition violations, and the rental of Unit 990. These violations were spread out of the course of several months. In addition, respondents never testified that they would have altered their conduct if they had received a cease and desist letter. Respondents testified at trial that they believed that their actions complied with applicable law and, given the disparate nature of the acts that violated the stay, it is not clear that any one cease and desist letter would have put BCOA on notice that its other acts violated the stay.

**2. Claim Objection**

For the reasons stated in this court's ruling on the matter, Parker's objection to the BCOA claim was unnecessary, and the time incurred is therefore unreasonable. The court counted 13.3

---

[2] The court reduced this time by 64 hours at Marlene Fong's hourly rate of $350.

3
**ORDER AWARDING FEES AND COSTS**

Case: 14-44083    Doc# 315    Filed: 04/11/19    Entered: 04/11/19 12:16:43    Page 3 of 6

hours spent on this matter, and the court is reducing the fees requested by $4,690.00.

### 3. Joint Pretrial Order

At a hearing on January 18, 2018, the court sanctioned Fong & Fong after finding that it did not adequately participate in the preparation of the joint pretrial order. The court is reducing the requested fees by $4,565.00 for the 12.8 hours billed between December 18, 2017 and January 17, 2018 that relate to the joint pretrial order.

### 4. Expert Witnesses

Parker's counsel spent approximately 30 hours relating to Curtis Sproul, an expert on HOA and Davis-Stirling issues. The court granted BCOA's motion in limine to exclude Sproul from testifying. While Parker still has ongoing Alameda County litigation against BCOA over its purported violations of the Davis-Stirling Act, none of those issues truly impacted her § 362(k) motion, and this court does not require an expert to opine on what constitutes a violation of California HOA law. The time spent related to Sproul was unreasonable, and the court is reducing the fees by 29.2 hours, valued at $10,750.00. The court is also reducing the fee application by 8 hours for time spent opposing BCOA's motion to exclude the testimony of Elvina Lui, Parker's alleged medical expert. Given her deposition testimony, Lui could not provide any meaningful testimony in support of Parker's request for emotional distress damages. The court therefore is reducing the fees by an additional $2,800.00.

### 5. Settlement Conference

Parker's counsel incurred more than 40 hours preparing for and attending a settlement conference in this contested matter. Given the extensive motion filed by Parker, it is difficult to understand why so much time was spent on the settlement conference brief. The court believes that a reduction of 7 hours is appropriate, reducing the fees by $2,450.00.

### 6. Miscellaneous Time

The court is reducing the fee application by 4.5 hours for time that was not clearly related to the stay violations, which amounts to $1,575.00. The court also notes that Parker directly paid her counsel $5,000.00 for its litigation fees. This court cannot determine whether the fee application included time compensated by this payment, and thus cannot determine whether BCOA should

reimburse Parker for these fees.  Accordingly, the fee application should be reduced by this amount.

The above reductions reduce the fees to $380,770.00.  The court believes that a general 3% reduction is also required due to the excessive clumping of time and the repeated failure to sufficiently describe the work done.  This reduces the fees to $369,346.90, and these fees are awarded only against Bayside Court Owners Association, Inc.  Parker did not argue nor provide the court with a mechanism by which it could determine the extent to which it should hold the individual respondents liable for these damages.

The court recognizes that this amount significantly exceeds the other actual damages awarded.  However, this contested matter was hard fought, substantial litigation which addressed several novel issues.  The fees award is therefore reasonable.

Parker seeks reimbursement of $17,285.05 in costs.  Costs under § 362(k) are awarded as damages, and the limitations of 28 U.S.C. § 1920 do not apply.  The court awards all costs requested except those related to Sproul, which reduces the costs awarded to $9,770.05.  Bayside Court Owners Association, Inc. is liable for these costs.

The court will prepare the judgment.

**\* \* \* END OF ORDER \* \* \***

Case No. 14-44083 CN

**COURT SERVICE LIST**

All recipients are ECF participants.