LAW OFFICES OF MIRIAM HISER
MIRIAM HISER (SBN 129824)
550 Montgomery Street, Suite 650
San Francisco, California 94111
Telephone: (415) 345-9234
Facsimile: (415) 395-9372
mhiser@hiserlaw.com

Attorney for Respondents
BAYSIDE COURT OWNERS ASSOCIATION,
RAJ PATEL, JUSTIN HU, LAWRENCE DROUIN,
LAURENCE JENNINGS and ANDREW CANTOR

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>SARAH-JANE PARKER,<br><br>Debtor. | Case No. 14-44083 CN 13<br><br>**STATEMENT OF THE ISSUES PRESENTED AND DESIGNATION OF THE RECORD ON APPEAL** |

Respondents BAYSIDE COURT OWNERS ASSOCIATION (BCOA) RAJ PATEL, JUSTIN HU, LAWRENCE DROUIN, LAURENCE JENNINGS, and ANDREW CANTOR ("Respondents") set forth the following Statement of Issues Presented and designate the following for inclusion in the record on appeal:

**STATEMENT OF THE ISSUES PRESENTED**

1. Whether the bankruptcy court erred when it found that Respondents violated the automatic stay of 11 U.S.C. Section 362 where none of their acts or communications, including post-petition assessments and other charges, post-petition settlement offers for the foregoing and post-petition rental of Debtor's surrendered unit (which Debtor voted in favor of by proxy), were acts to collect pre-petition debt or acts against property of the estate, and where at all operative times all parties understood and the operative law was that post-petition HOA assessments and related charges were non-dischargeable? Whether the Court also erred when it found that Respondents' settlement offers related to pre-petition claims?

2. Whether the bankruptcy court erred when it awarded punitive damages against

Respondents where Respondents: (1) believed in good faith that their acts were in compliance with California law, bankruptcy law and the governing documents of the BCOA; (2) believed and the then-operative law held that post-petition HOA assessments and related charges were non-dischargeable; (3) immediately complied with an April 3, 2015 letter from Debtor's counsel, the only communication from counsel for thirteen months?

3. Whether the bankruptcy court erred when it found that Section 362(k) preempts state law which otherwise shields volunteer officers and directors of corporations from individual liability for acts taken on behalf of the corporation, in good faith and with due care, and found Respondents Laurence Jennings and Raj Patel individually liable for Debtor's compensatory damages, when Debtor did not present any evidence that they individually attempted to collect any pre-petition debt from Parker and all of their actions were taken as volunteer officers and/or directors of BCOA, were duly authorized by the BCOA and its governance documents and undertaken solely to support the Bayside Average Member Best Interest (of which Parker was a part)?

4. Whether the bankruptcy court erred when it awarded Debtor emotional distress damages when the Joint Pretrial Order, which superseded the pleadings, did not reference this claim, there was no "clear evidence of significant harm" and neither Debtor nor either of her two counsel took any steps to mitigate these damages?

5. Whether the Court erred in awarding damages where neither Debtor or her two counsel took any steps to mitigate those damages, did not once notify Respondents that any of their acts violated any law, never asked Respondents to "cease and desist," and where Debtor did not want to quit claim her "surrendered" property and her counsel made the calculated decision to keep her on title and wait thirteen months to file a motion with the Court? Whether the Court also erred when it found that: Respondents offered no evidence with respect to Debtor's failure to mitigate or what Respondents would have done had they been alerted to a claimed stay violation, that Respondents "rejected" Debtor's written offer to transfer title to one of her three secured creditors; and that

2

Designation of the Record- Statement of Issues on Appeal
Case No. 14-44083

Case: 14-44083    Doc# 325    Filed: 05/08/19    Entered: 05/08/19 21:22:42    Page 2 of 5

sending communications required by state law were "harassing"?

6. Whether the Court erred by awarding excessive fees and costs when Debtor failed to mitigate those fees and costs and where the fee application establishes that Debtor's counsel immediately knew about each act taken by BCOA, believed many of those acts violated the stay, spent months drafting a lift stay motion but took no action for at least one year? Whether the Court also erred when it found that Respondents offered no evidence with respect to Debtor's failure to mitigate or what Respondents would have done had Debtor or her counsel ever alerted them to a claimed violation? Whether the Court also erred by not reducing further the excessive time spent drafting and filing the stay motion and discharge motions themselves and litigating the motions; by not eliminating time spent researching and litigating state law or otherwise unrelated issues; by not eliminating time related to evidence and issues not admitted at trial and time related to unnecessary motions?

7. Whether the Court erred by holding that none of Respondents' affirmative defenses barred Debtor's claims?

**DESIGNATION OF THE RECORD**

**1.** Motion for Sanctions for Violation of the Automatic Stay, filed November 3, 2015.

**2.** Memorandum of Points and Authorities in Support of Motion for Sanctions, filed November 3, 2015.

**3.** Exhibits AA through RR, November 3, 2015.

**4.** Notice of Hearing, November 3, 2015.

**5.** Declaration of Sarah-jane Parker, filed November 3, 2015.

**6.** Response to Motion for Sanctions for Stay Violation and Contempt, filed by Respondents, January 4, 2016.

**7.** Motion for Order to Show Cause, filed December 15, 2016.

**8.** Notice of Hearing, filed December 15, 2016.

9. Exhibit SS to XX, filed December 15, 2016.

10. Order Consolidating and Continuing Contempt Hearings, February 22, 2017.

11. Memorandum Decision Granting Summary Judgment in Part and Denying Summary Judgment in part, August 24, 2017.

12. Order Granting Summary Judgment in Part and Denying Summary Judgment in Part, October 4, 2017.

13. Order Setting Pretrial Conference, October 6, 2017

14. Joint Pretrial Order, filed February 28, 2018, and Exhibits (Respondents Exhibit and Witness List, Parker Witness List and Exhibit List).

15. Debtor Sarah-Jane Parker's List of Disputed Facts for Trial, filed March 14, 2018.

16. First Amended Pre-Trial Statement of Disputed Facts filed by Parker, April 11, 2018.

17. Debtor's Motions in Limine to Exclude or otherwise Limit Testimony from Marc Fong and Marlene Fong and supporting declarations and exhibits, Respondents' Opposition, and Debtor's Reply.

18. Transcript of Proceedings, April 30, 2018 (hearings on Debtor's Motions in Limine).

19. Final Joint Pretrial Order and Exhibits (Debtor's Witness List, Respondent's Witness List, Debtor's Exhibit List, Respondent's Exhibit List), May 7, 2018

20. Stipulation filed May 22, 2018.

21. Respondents' Trial Brief, filed May 22, 2018.

22. Debtor's Trial Exhibits, A, B, C, D, E, F, G, H, I, J, K, O, T, V, W, X, Y, Z, AA, AM, AU, AV (identical to Ex. 37), AW, AZ, BJ, BK, BL, BM, BN, BT, BX, and BW, BZ

23. Respondents' Trial Exhibits #1, 2, 3, 4, 5, 6, 7, 8, 9, 16, 17, 18, 28, 35, 36, 38, 40, 41 and 43, 44, 45, 46 47, 48, 49, 50.

| | | |
|---|---|---|
| 24. | Transcript of court proceedings, May 29, 30, July 31, August 7, August 21, 2018. |
| 25. | Debtor's Post Trial Brief, filed October 12, 2018. |
| 26. | Respondents' Closing Brief, filed October 12, 2018. |
| 27. | Memorandum Decision After Trial, January 29, 2019. |
| 28. | Application for Compensation, filed March 2, 2019. |
| 29. | Two separate Declarations of Marc Fong in Support of Application for Compensation, March 2, 2019. |
| 30. | Declaration of Marlene Fong in Support of Application for Compensation, and exhibits, Attorney Time Records, filed March 2, 2019. |
| 31. | Objection to Application for Compensation, filed March 18, 2019. |
| 32. | Reply to Objection, filed by Debtor March 25, 2019. |
| 33. | Two Separate Declarations of Marlene Fong in Support of Application for Compensation, filed March 25, 2019. |
| 34. | Declaration of Marc Fong, filed March 25, 2019. |
| 35. | Transcript of Proceedings, April 1, 2019. |
| 36. | Order Awarding Attorneys' Fees and Costs, April 11, 2019. |
| 37. | Judgment, entered April 11, 2019. |
| 38. | Certified copy of the docket entries in Case No. 14-44083. |
| 39. | Notice of Appeal, April 24, 2019. |

Dated: May 8. 2019..  LAW OFFICES OF MIRIAM HISER

By:___/s/Miriam Hiser_____
Miriam Hiser
Attorneys for Respondents