Marc Alan Fong SBN 80049
Marlene A. Fong SBN 111560
FONG & FONG APC
2161 Harbor Bay Parkway
Alameda, CA 94502
Tel. 510-748-6800 x 107
Email: mfong@fonglaw.com
Attorneys for Debtor Sarah-jane Parker

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re SARAH-JANE PARKER,

Debtor

Case No. 14-44083 CN13

District Court No. 19-cv-2588-YGR

DEBTOR'S STATEMENT OF ISSUES TO BE PRESENTED AND DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD

Debtor and Cross Appellant Sarah-jane Parker submits the following Statement of Issues to be Presented and Designation of Additional Items to be Included in the Record on Appeal:

STATEMENT OF ISSUES TO BE PRESENTED

1. Debtor contends that respondents violated the discharge injunction. The bankruptcy court applied the *Lorenzen v. Taggart* burden of proof, requiring a debtor to prove that the creditor lacked a subjective good faith belief that the discharge injunction does not apply to the claim at issue, and that even an unreasonable mistaken belief precludes a finding of contempt. Did the court err by applying a standard of proof that in effect makes it impossible to prove a discharge violation, depriving debtor of her rights under bankruptcy law?

2. The bankruptcy court implicitly ruled that respondent homeowner association and its agents had a "good faith belief" that seizing and renting out debtor's condominium post-discharge, and keeping $78,000 in "rent," with no lawful basis in Federal or State law to do so, and after

debtor's stay violation motion based on the same conduct had been filed, did not violate the discharge injunction. Did the court err in holding that a "good faith" belief existed under such circumstances and that this conduct did not violate the injunction?

3. Whether the bankruptcy court erred in following *Lorenzen v. Taggart (In re Taggart),* 888 F.3d 443 (9th Cir. 2018), cert. granted Jan. 4, 2019 that is currently on appeal to the U.S. Supreme Court, where *Taggart's* holding did not cover the actions of entities other than individual actors.

4. To the extent that *Taggart* remains valid law and covers the conduct at issue, Whether the bankruptcy court erred by considering the testimony of individual corporate agents as to their subjective beliefs in determining whether the corporate entity itself possessed a "good faith belief" that its actions did not violate the discharge injunction.

5. Whether the bankruptcy court erred by holding that it was possible for a corporate entity to possess a subjective "good faith belief" at all, as a corporation cannot be said to possess a mental state.

6. Whether the bankruptcy court erred by declining to issue sanctions against Bayside Court Owners Association, Inc for its actions in violating the discharge injunction, in part by imposing a burden on debtor to prove the mental state of a non-human corporate entity.

7. The bankruptcy court ruled that debtor did not prove how respondents "applied" the $78,000 in rent taken from debtor post-discharge, and thus no violation was proved. Association amended its governing documents pre-discharge to provide that no part of the rent taken would be applied to any claim Association had against debtor. The court held that the lease under which Association rented out the property was void as a matter of law. Did the court err by holding that debtor had the burden of showing how the money was used or applied, and by holding that no discharge violation was proved under these circumstances?

DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN RECORD ON APPEAL

1. Debtor Sarah-jane Parker designates all items from the record designated by Respondents in Respondents' May 8, 2019 Statement of the Issues Presented and Designation of the Record on Appeal, Doc. #325.

2. Doc. #75, November 3, 2015, Certificate of Service

3. Doc. #80, December 1, 2015, Order Discharging Debtor

4. Doc. #129, December 15, 2016, Motion for OSC re discharge violation

5. Doc. #131, December 15, 2016, Declaration of Sarah-jane Parker

6. Doc. #132, December 15, 2016, Exhibits SS through XX

7. Doc. #133, December 26, 2016, Certificate of Service

8. Doc. #152, June 8, 2017 Summary Judgment Motion, Exhibits, Declarations

9. Doc. #155, July 13, 2017, Parker Opposition Brief

10. Doc. #156, July 13, 2017, Declaration of Sarah-jane Parker

11. Doc. #157, July 13, 2017, Declaration of Marlene Fong

12. Doc. #158, July 13, 2017, Declaration of Marlene Fong

13. Doc. #159, July 21, 2017, BCOA reply to Opposition to Motion

14. Doc. #170, August 24, 2017, Memorandum Granting Summary Judgment Motion in Part and Denying Summary Judgment Motion in Part

15. Doc. #179, October 4, 2017, Order re Summary Judgment Motion

16. Doc. #182, October 6, 2017, Order Setting Pre-Trial Conference

17. Doc. #238, March 18, 2018, Motion in Limine to prohibit calling Marc Fong

18. Doc. #239, March 19, 2018, Motion in Limine to prohibit calling Marlene Fong

19. Doc. #243, April 11, 2018, First Amended Pretrial Statement of Undisputed Facts

20. Doc. #257, May 4, 2018, Parker Brief in Opposition to Motion in Limine

21. Doc. #259, May 7, 2018, Joint Pretrial Order

22. Doc. #264, May 22, 2018, BCOA Trial Brief

23. Debtor's Trial Exhibits A, B, C, D, E, F, G, H, I, J, K, O, V, W, X, Y, Z, AA, AM, AT, AU, AV, AW, AZ, BJ, BK, BL, BM, BN, BT, BW, BX, BZ.

24. Respondents' Trial Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 16, 17, 18, 28, 35, 36, 38, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50.

25. Doc. #297, October 12, 2018, Parker Post Trial Brief

26. Doc. #298, October 12, 2018, Respondents' Post Trial Brief

27. Doc. #299, January 29, 2019, Memorandum Decision After Trial

28. Doc. #302, March 2, 2019, Application for Compensation

29. Doc. #303, March 2, 2019, Declaration of Marc Fong

30. Doc. #304, March 2, 2019, Declaration of Marc Fong

31. Doc. #305, March 2, 2019, Declaration of Marlene Fong

32. Doc. #307, March 18, 2019, Objection to Application for Compensation

33. Doc. #308, March 25, 2019, Parker Reply to Objection to Application

34. Doc. #309, March 25, 2019, Declaration of Marlene Fong

35. Doc. #310, March 25, 2019, Declaration of Marc Fong

36. Doc. #311, March 25, 2019, Declaration of Marlene Fong

37. Doc. #312, March 29, 2019, Declaration of Marlene Fong

38. Doc. #313, March 31, 2019, Declaration of Marlene Fong

39. Doc. #315, April 11, 2019, Order Awarding Attorneys' Fees and Costs

40. Doc. #316, April 11, 2019, Judgment

41. Trial proceedings transcripts, May 29, 2018 (Doc. #273), May 30, 2018 (Doc. #274), July 31, 2018 (Doc. #289), August 7, 2018 (Doc. #290), August 21, 2018 (Doc. #291).

Dated: May 21, 2019          FONG & FONG APC
                             /s/ Marlene A. Fong
                             Attorneys for Debtor, Appellee and Cross Appellant
                             Sarah-jane Parker