

1  Marlene A. Fong SBN 111560
2  Marc Alan Fong SBN 80049
   FONG & FONG APC
3  2161 Harbor Bay Parkway
   Alameda, CA 94502
4  Tel. 510-748-6800 x 110
5  Email: marlene.fong@fonglaw.com
   Attorneys for Debtor Sarah-jane Parker

**Not Signed.**
_____
**Charles Novack**
**U.S. Bankruptcy Judge**

Counsel should not include an introduction, discussion and the word "Conclusion" in an order.  Instead, counsel should submit a standard order that refers to the application, states that the relief is granted for good cause, and then states what relief is being granted.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Chapter 13 |
| SARAH-JANE PARKER, Debtor | **CASE NO. 14-44083 CN13** |
| Vs. | ORDER FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR BAYSIDE COURT OWNERS ASSOCIATION, INC |
| LAURENCE JENNINGS; RAJ PATEL; BAYSIDE COURT OWNERS ASSOCIATION, INC., | |
| Respondents | |

**NOTICE REGARDING COVID-19 PROCEDURES:** Please note that any hearing to be set pursuant to this order will not be conducted in the presiding judge's courtroom but instead will be conducted by telephone or video. All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.

# I. INTRODUCTION

On April 11, 2019 judgment was entered in favor of debtor Sarah-jane Parker and against respondent Bayside Court Owners Association, Inc., ("BCOA" or "Bayside") in this court. (Doc. #316.) This court previously ordered the appearance for examination of BCOA's person most qualified, on July 15, 2019. (Doc. #380.) However, the order could not be served before the date set for the examination. The court directed Parker to re-file an amended motion at an appropriate time. (Minutes 08/23/2019.) On March 23, 2021 Parker filed her amended ex parte application for BCOA to appear for examination and produce documents in aid of enforcement of the judgment (Doc #402), and Declaration of Marlene Fong in support of the application (Doc. #403).

# II. DISCUSSION

Parker's application sets forth the showing required by Federal Rule of Civil Procedure 69(a)(2) and the applicable provisions of California Code of Civil Procedure Secs. 708.110 and 708.160.

Federal Rule of Civil Procedure 34 authorizes a party to seek production of documents. Further, California Code of Civil Procedure Sec. 708.030(a) provides that "a judgment creditor may demand that any judgment debtor produce and permit the party making the demand, or someone acting on that party's behalf, to inspect and copy a document that is in the possession, custody or control of the party on whom the demand is made." Accordingly, the judgment debtor shall produce the following documents for inspection as directed by this order:

(a) Any and all information and documentation identifying real property, personal property, computers, intellectual property, brokerage accounts, bank deposits, securities, cash and all other assets owned or claimed by Bayside Court Owners Association, Inc., (hereafter "Bayside") including but not limited to information relating to financial accounts and/or monies owed to Bayside by others, including but not limited to assessment payments, litigation proceeds in any litigation involving Bayside, settlement proceeds in any claims involving Bayside. Such information and documents shall include, without limitation, the location of any and all property and assets of Bayside. This demand and those set forth below are for originals of any and all such books, records and materials.

(b) All of Bayside's accounting records, including computerized, electronic and/or in printed or paper format for the years 2019 through the present, inclusive.

(c) All of Bayside's statements, cancelled checks, and related banking documents for any bank, brokerage or financial account at least partially controlled by Bayside or recorded in the name of Bayside for the years 2019 through the present.

(d) All of Bayside's checkbooks, checkbook stubs and checkbook entries for the years 2019 through the present.

(e) Any settlement agreements by which another party has agreed to pay money to Bayside.

(f) All of Bayside's records of accounts payable and receivables, payroll check stubs, passbooks, financial statements, deeds, promissory notes and stock registers, for the years 2019 through the present.

(g) All credit card statements of Bayside for the years 2019 through the present.

(h) Documents sufficient to show Bayside's balance sheet for each month for the years 2019 through the present.

(i) Documents sufficient to show Bayside's gross revenues for each month of each year 2019 through the present.

(j) Documents sufficient to show Bayside's costs and expenses for each month of each year 2019 through the present.

(k) Documents sufficient to show assessment revenue for each month of each year 2019 through the present.

(l) Documents sufficient to show the identity of any banks or other institutions or persons or organizations where or with whom any assessment revenue has been deposited in 2019, 2020 and 2021.

(m) Documents sufficient to show any assessment increases in the regular annual assessment for fiscal years 2020 and/or 2021.

(n) Documents sufficient to show any special assessments for fiscal years 2020 or 2021 or beyond, if multi-year special assessments have been imposed or adopted.

(o) All documents showing payment to or transfer of any BCOA assessment installments to any agent of the Association including but not limited to S. Elizabeth Miller, Esq. or her law firm.

(p) All documents showing possession of any BCOA assessments by S. Elizabeth Miller, Esq or her law firm or transfer by the same to any person, institution or entity.

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Respondent/judgment debtor Bayside Court Owners Association, Inc. shall appear on **May 7, 2021 at 10:00 a.m.** to furnish information to aid in enforcement of a money judgment by answering questions about the Respondent/judgment debtor's real and personal property and assets. Such appearance shall be virtual, by means of Zoom or similar technology. The parties are ordered to cooperate in arranging the appearance.

2. Respondent/judgment debtor shall produce documents responsive to this order to counsel Marlene A. Fong of Fong & Fong, 2161 Harbor Bay Parkway, Alameda, CA 94502 on or before **April 26, 2021**; and

3. Parker must serve this order upon Respondent/judgment debtor Bayside Court Owners

Association, Inc. not less than ten (10) days before the date set for the examination and must file a certificate of such service with the court.

**NOTICE TO JUDGMENT DEBTOR: IF YOU FAIL TO APPEAR AT THE TIME AND PLACE SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

**APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION: IT IS YOUR DUTY TO DESIGNATE ONE OR MORE OF THE FOLLOWING TO APPEAR AND BE EXAMINED: OFFICERS, DIRECTORS, MANAGING AGENTS, OR OTHER PERSONS WHO ARE FAMILIAR WITH YOUR PROPERTY AND DEBTS.**

***END OF ORDER***

COURT SERVICE LIST: NONE