Marc Alan Fong SBN 80049
Marlene A. Fong SBN 111560
FONG & FONG APC
2161 Harbor Bay Parkway
Alameda, CA 94502
Tel. 510-748-6800 x 107
Email: mfong@fonglaw.com
Attorneys for Debtor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA AT OAKLAND

| | |
|---|---|
| In re: | **No. 4:19-cv-02588-YGR** |
| SARAH-JANE PARKER, Debtor | **Bankruptcy Case No. 14-44083 CN13** |
| Vs. | NOTICE OF MOTION AND MOTION OF DEBTOR SARAH-JANE PARKER FOR ATTORNEY'S FEES AND COSTS ON APPEAL UNDER 11 U.S.C. 362(k)(1); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION |
| LAURENCE JENNINGS; RAJ PATEL; JUSTIN HU; BAYSIDE COURT OWNERS ASSOCIATION, INC., | |
| Respondents | Date: May 21, 2021<br>Time: 11:00 a.m.<br>Judge: Hon. Charles Novack<br>Courtroom: 215 |

NOTICE REGARDING COVID-19 PROCEDURES: Please note that any hearing to be set pursuant to this application will not be conducted in the presiding judge's courtroom but instead will be conducted by telephone or video. All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.

**NOTICE OF MOTION**

To the parties herein and their attorneys of record, PLEASE TAKE NOTICE that on May 21, 2021, at 11:00 a.m., before Hon. Charles Novack, United States Bankruptcy Court, Northern District of California, Oakland Division, located at 1300 Clay Street, Oakland, CA, debtor Sarah-jane Parker will and hereby does move the court for an order awarding attorney's fees and costs on appeal under 11 U.S.C. 362(k)(1) and applicable case law. The motion will be based on this notice, the within memorandum of points and authorities, the declarations filed herewith, on the papers and records on file herein, on argument of counsel, on matters which may be judicially noticed, and such other matter as the court may deem appropriate.

**MOTION FOR AWARD OF FEES ON APPEAL**

Debtor Sarah-jane Parker hereby applies for an award of attorney's fees on appeal under 11 U.S.C. 362(k)(1) and applicable caselaw, in the amount of $127,505.00 and costs in the amount of $649.00. The Application is supported by the following Memorandum of Points and Authorities, the declarations of Marlene A. Fong, Marc Alan Fong, and Christina L. Henry, the time records filed herewith, and the records on file in this matter in the District Court and the Bankruptcy Court. The order supporting the fees request is the District Court's March 22, 2021 "Order Affirming in Part and Vacating and Remanding in Part Bankruptcy Court's Judgment," Doc. #31 filed March 22, 2021.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Counsel for Sarah-jane Parker spent 364.3 hours successfully responding to the appeal by Bayside Court Owners Association, Inc. ("BCOA") and successfully pursuing Parker's cross-appeal from April 25, 2019 through April 5, 2021. The declarations of counsel filed herewith establish that the time spent was reasonable under the circumstances, that the $350.00 per hour "lodestar" rate requested is appropriate, and that the court should award fees under 11 U.S.C. 362(k)(1) in the amount of $127,505.00.

## II. ARGUMENT

**1. Parker is entitled to a mandatory award of attorney's fees for opposing Bayside's appeal and for Parker's challenge to the Bankruptcy Court's damages award.**

Attorney's fees incurred by a debtor in successfully defending a judgment for violation of the automatic stay in the Bankruptcy Court against a creditor's appeal are mandatory under 362(k)(1). *In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir 2015).

In *Easley v. Collection Service of Nevada (In re Easley)* 910 F.3d 1286 (9th Cir. 2018) the Ninth Circuit extended the mandatory award of attorney's fees to the debtor's action for damages against the violating creditor: "Allowing for attorney's fees and costs while prosecuting an action for damages is likely the only way debtors in bankruptcy can afford to pursue damages. As is the case here, damages themselves may be too limited to justify an action if attorneys' fees and costs in pursuit of those damages are not recoverable." *Easley*, 1291-1293. "Section 362(k) thus seeks to make debtors whole, as if the violation never happened, to the degree possible. This reasonably includes awarding attorney's fees and costs on appeal to a successful debtor, even when a debtor must bring the appeal." (*Id*. 1292-93.)

The award of fees extends also to the fees incurred in seeking the award of fees: "Additionally, fee-shifting statutes allow for recovery of attorneys' fees incurred in establishing a party's claim for fees." (*Easley*, supra, 1291-92, citing *In re Nucorp Energy, Inc*., 764 F.2d 655, 659-60 (9th Cir. 1985) ["In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."] "This principle ensures that the fee award is not diluted by the time and effort spent on the claim itself." (*Id*. 1292.) Thus the fees incurred in preparing and litigating this motion are compensable under 362(k)(1).

The *Easley* court also pointed to the deterrent effect of 362(k)(1): "Imposition of damages and attorneys' fees and costs is essential to deter creditors from violating an automatic stay and protect debtor's assets for proper adjudication through the bankruptcy process. Recovery of attorneys' fees and costs is especially critical in the bankruptcy court where debtors lack the means to otherwise pursue their damages." (*Id*. 1291.)

Parker prevailed in every respect in opposing Bayside's ("BCOA") appeal and on

Parker's cross-appeal. Thus, Parker is entitled to a mandatory award of all the fees and costs reasonably incurred in opposing the appeal and prosecuting her cross-appeal.

**2. The Lodestar Standard.**

In the Ninth Circuit, courts generally utilize the lodestar method to determine reasonable attorneys' fees. See *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan,* supra, 1262. In calculating the reasonable hours, the applicant must justify his motion by submitting evidence supporting the hours worked and the rates claimed. The court must review the time records to determine whether the hours are adequately documented in a manner that could be properly billed to the client. The court determines whether the hours were reasonable. Generally, the fees are based on the prevailing market rates in the district for attorneys with similar skills and experience. A court may also rely on its own experience to determine whether the hourly rates and the expended number of hours are reasonable. (Foregoing discussion taken from August 18, 2015 decision of Hon. Yvonne Gonzalez Rogers, United States District Court Judge, Northern District of California, *The Guidiville Rancheria of California et al v United States*, No. 4:12-cv-01326, Doc. #289, pages 2-3.)

To determine a reasonable billing rate, the court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). There is a "strong presumption" that the lodestar figure represents the reasonable fee award. *Burlington v. Dague*, 505 U.S. 557, 562 (1992).

The debtor need not have paid any fees to have "incurred" them. The relevant fact is the number of hours worked. See *Yamada v. Nobel Biocare Holdings AG,* 825 F.3d 536, 546 (9th Cir. 2016) [lodestar calculated by multiplying number of hours worked by a reasonable hourly rate for the region and experience of the lawyer]; *Stetson v Grissom*, 821 F.3d 1157, 1166-1167 (9th Cir. 2016) [lodestar fees must be based on current rates; court can apply "multiplier" to fees in contingency cases].

Parker prevailed in every respect on the appeal in this court. A party's success in the litigation is an important element in the lodestar equation. *Hensley,* supra, 461 U.S. at 436; *Yamada*, supra, 546.

While the court has some discretion to adjust a documented fee request up or down, reducing a fees request supported by adequate documentation and using a reasonable rate must be rationally based and specific. A court cannot apply for example a flat percentage reduction to a fee request. *Stetson v. Grissom*, supra, 1165-1167. If any significant change is made to the fees requested, the court must specify its reasons. (Id.)

Statutory fee awards, especially where fees are mandatory under 362(k)(1), "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). This motion should be decided without it turning into another major piece of litigation, particularly given the court's unambiguous findings on the appeal, the mandatory entitlement to fees, and the important policies served by fee awards under 362(k)(1).

An award of fees and costs under 362(k)(1) will be upheld "unless it is clearly unsupported by the evidence or grossly excessive, monstrous, or shocking to the conscience." *Eskanos & Adler LLC v. Roman (In re Roman)*, 283 BR 1, 11 (9th Cir. BAP 2002).

**3. Application of Lodestar Principles to attorneys on this case.**

Marlene A. Fong has been practicing since 1983, primarily in the area of common interest development law. She has represented hundreds of homeowner associations during that time and is well known as an Association attorney in Northern California. This case required deep knowledge of homeowner association law, which Ms. Fong possesses. Ms. Fong handled much of the investigation, legal research, and legal writing in this case and was co-counsel during the leadup to the trial and through trial and the appeal. Ms. Fong has handled many Chapter 7 and Chapter 13 cases in this district, representing both debtors and creditors. Ms. Fong's regular billing rate is $350.00 per hour, at the low end of the scale for experienced attorneys in the Bay Area. Accordingly, Ms. Fong's appropriate "lodestar" fee rate is $350.00 per hour. This rate was already approved by the Bankruptcy Court as the appropriate lodestar for Ms. Fong.

Marc Alan Fong has been practicing since 1978. His resume and his declaration establish

that he is a respected, skilled and experienced litigator. While not a bankruptcy specialist, Mr. Fong handled the litigation and obtained an outstanding result for Ms. Parker, prevailing on every claimed stay violation in the bankruptcy court and now every issue on the appeal. Mr. Fong recites in his declaration that his regular billing rate is $400-500 per hour and that similarly-experienced attorneys in the Bay Area command rates at least in this amount. Mr. Fong is discounting his hourly rate for purposes of this fee request to avoid arguments over the lodestar rate. Accordingly, Mr. Fong's appropriate "lodestar" fee rate is $350.00 per hour. This rate is less than the $400 per hour lodestar approved by the Bankruptcy Court for awarding the trial-level fees.

Christina L. Henry is a member of the Washington State Bar, practicing since 2002. Ms. Henry is experienced in bankruptcy litigation and appeals. Ms. Henry was the lead counsel for prevailing debtor in the landmark decision *In re Snowden*, 769 F.3d 651 (9th Cir. 2014), was co-counsel for the prevailing debtor in *In re Schwartz-Tallard* (supra), and co-counsel for the prevailing debtor in *Goudelock v. Sixty-01 Ass'n of Apartment Owners*, 895 F.3d 633 (9th Cir. 2018). Ms. Henry provided expertise and legal research on the issues of "continuation of stay violation damages post-discharge" and the law on damages for contempt for stay violations and discharge violations, particularly the impact of the U.S. Supreme Court's *Taggart v. Lorenzen* decision, 587 U.S. ___, 139 S.Ct. 1795 (2019). Ms. Henry also provided guidance and research on the issues addressed in Bayside's appeal of the underlying bankruptcy judgment. Ms. Henry drafted and edited parts of the opening brief and reply brief, as noted in the time records. Ms. Henry billed at $375.00 per hour during the time the appeal was pending, but for purposes of this fee application is billing at $350.00 per hour for work on the appeal. This rate is consistent with the rate charged by similarly-experienced attorneys in the Bay Area, thus her appropriate lodestar fee rate is likewise $350.00 per hour.

**4. Reasonableness of hours worked.**

The court "should defer to the winning lawyer's professional judgment as to how much time [he or she] was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *Blackwell v. Foley*, 724 F. Supp.2d 1068, 1081 (N.D. Cal. 2010) ("An attorney's sworn testimony that, in fact, [she] took the time claimed … is evidence of

considerable weight on the issue of the time required.") To reduce the number of hours worked "It must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Blackwell*, supra at 1081. The purposes of fee-shifting statutes such as 362(k)(1) "will not be met" unless Plaintiff's attorneys are "reasonably compensated for all their time." *Blackwell*, supra, 1081. See *Moreno*, supra at 1112: "It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees."

Hours worked on a motion that was not ultimately filed are compensable. See *Marbled Murrelet v. Pacific Lumber Co.*, 163 F.R.D. 308, 327 (N.D. Cal. 1995) [unfiled motion for reconsideration]; *ExperExchange Inc. v. Doculex, Inc.*, No. C-08-03875 JCS, 2010 WL 1881484 *9 (N.D. Cal. May 10, 2010) [unfiled Daubert motion]. In this case, Parker's counsel worked on a motion to allow Parker to amend the "Statement of Issues on Appeal" that ultimately was not filed, after counsel for BCOA refused to stipulate. The time is compensable.

Time spent among co-counsel for comparing ideas and keeping each other informed is compensable. In a class-action case seeking fees on a fee-shifting statute, the District Court said, "As the court has previously noted, this was a leanly-staffed case where more than 75% of the hours were billed by only two attorneys. Thus, the court declines to reduce the hours simply because Class Counsel kept each other informed about the case and double-checked each other's work; indeed, many motions this court denies would have benefitted from a second read and more strategizing by the attorneys involved." Order Granting Plaintiff's Motion for Attorney's Fees, *Charlebois v. Angels et al*, No. SACV 10-0953 DOC(ANx), Doc. #102, 05/30/12 (C.D. Cal. 2012).

Parker's counsel were approached by BCOA's appellate counsel in October 2019 with a request to engage in settlement discussions that would include the issues being litigated in BCOA's appeal and Parker's cross-appeal. Parker later agreed to participate only if BCOA paid all costs of the mediation, which BCOA agreed to do. The parties prepared position papers and mediation briefs. The parties conducted an all-day mediation session on January 13, 2021. The parties continued discussion a possible settlement until shortly before the decision of the District Court was released on March 22, 2021. This time was reasonable as it would have ended the litigation and the ongoing costs of the appeal, had negotiations been successful.

**5. Parker's counsel reasonably incurred 364.3 hours in the appeal of this case, resulting in a lodestar fee of $127,505.00.**

Attached to the declaration of Marlene Fong filed herewith is the compilation of attorney time captioned "Attorney Time: Parker Appeal" showing the time spent by each attorney and the nature of the work.

(1) Marlene A. Fong time and application of lodestar:
Marlene Fong expended 273.2 hours on the case. At a lodestar rate of $350.00 per hour, the resulting fee entitlement is **$95,620.00**.

(2) Marc A. Fong time and application of lodestar:
Marc Fong expended 22.4 hours on the case. At a lodestar rate of $350.00 per hour, the resulting fee entitlement is **$7,840.00.**

(3) Christina L. Henry time and application of lodestar:
Christina L. Henry expended 15.3 hours on the case. At a lodestar rate of $350.00 per hour, the resulting fee entitlement is **$5,355.00.**

(4) Time spent by multiple attorneys jointly, billed at the rate of one attorney:
53.4 hours. At a lodestar rate of $350.00 per hour, the fee entitlement is **$18,690.00.**

Total fee entitlement is **$127,505.00.**

To this amount must be added the cost of examining and responding to any opposition to this application and any hearings or other proceedings directed by the court.

**6. Costs**
Filing fee on appeal $298.00 paid 5/7/19 (Doc. #324)
Pro Hac Vice fee for Christina Henry $310.00
Parking fee in SF for meeting with Christina Henry $34.00

Bridge toll $7.00

Total costs: $649.00

## III. CONCLUSION

Parker has proved and is entitled to the following actual damages, attorneys' fees, and costs under 11 U.S.C. 362(k)(1):

**Attorneys' Fees:**      $127,505.00
**Costs:**                $649.00
**Total award:**          $128,154.00

Debtor Sarah-jane Parker respectfully requests that the court find that these fees and costs were necessary and are reasonable in amount, and make an order awarding those fees and costs to Parker.

Dated: April 5, 2021

Marlene A. Fong, SBN 111560
FONG & FONG APC
2161 Harbor Bay Parkway
Alameda, California 94502
Attorney for Debtor Sarah-jane Parker

Christina L. Henry, WSBA 31273
HENRY & DEGRAAFF, P.S.
*Appearing Pro Hac Vice*
787 Maynard Avenue S
Seattle, Washington 98133