```
Marlene A. Fong SBN 111560
Marc Alan Fong SBN 80049
FONG & FONG APC
2161 Harbor Bay Parkway
Alameda, CA 94502
Tel. 510-748-6800 x 110
Email: marlene.fong@fonglaw.com
Attorneys for Debtor
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA AT OAKLAND

| | |
|---|---|
| In re:<br><br>SARAH-JANE PARKER, Debtor<br><br>Vs.<br><br>LAURENCE JENNINGS; RAJ PATEL; JUSTIN HU; LAWRENCE DROUIN; BAYSIDE COURT OWNERS ASSOCIATION, INC.; ANDREW CANTOR, ESQ.,<br><br>Respondents | **No. 4:19-cv-02588-YGR**<br><br>**Bankruptcy Case No. 14-44083 CN13**<br><br>DECLARATION OF CHRISTINA L. HENRY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS ON APPEAL UNDER 11 U.S.C. 362(k)(1)<br><br>Date: May 21, 2021<br>Time: 11:00 a.m.<br>Courtroom: 215 |

I, CHRISTINA L. HENRY, declare as follows:

    1.    I have been a member of the Washington State Bar since 2002. I am a founding partner of Henry & DeGraaff, Seattle, Washington. My practice centers on representation of consumers in litigation and appeals under a range of consumer-protection laws, including representation of bankrupt persons at trial and on appeal. I was lead counsel for the prevailing debtor in *In re Snowden,* 769 F.3d 651 (9th Cir. 2014) [establishing that the right to fees relating to enforcing the automatic stay and remedying the stay violation included fees incurred by the debtor in prosecuting the bankruptcy adversary proceeding seeking damages for the stay violation until they are remedied, and clarifying the standard for punitive damages] and was co-counsel for the National Association of Consumer Bankruptcy Attorneys in *In re Schwartz-*

*Tallard*, 803 F.3d 1095 (9th Cir. 2015), among other notable cases. A copy of my Curriculum Vitae is attached hereto with a more detailed description of representative cases that are relevant to the Parker case.

2. I became aware of the Parker case when the bankruptcy court's ruling on BCOA's 2017 summary judgment motion was published. I follow interesting cases that are within my area of interest and specialty as a matter of course. When the bankruptcy court's judgment was published in January 2019 I continued to follow the case with interest, as it is another case of an individual debtor's rights being violated. When the decision was appealed in April 2019 I contacted Marlene Fong, the lead attorney for Parker, to discuss the appeal. It also appeared to me that a cross-appeal was very likely to succeed, both as to the stay violation damages under cases such as *Sundquist v. Bank of America*, and the denial of contempt damages by the bankruptcy court using the questionable *Taggart* standard. *Taggart* is a Ninth Circuit case that I had been following closely, to which the Supreme Court had granted review. I travelled to Washington D.C. in April 2019 to attend the oral arguments before the U.S. Supreme Court and meet with the attorneys for the debtor. I believed based on the proceedings that the unworkable Ninth Circuit *Taggart* standard for contempt relied on by the bankruptcy court would be reversed, and I advised Marlene Fong that a cross-appeal would likely be successful.

3. We agreed that I would co-counsel the appeal with Fong & Fong, providing guidance and helping write briefs and motions as needed.

4. Ms. Fong and I jointly drafted the Notice of Cross-Appeal on the issues of stay violation and contempt, filed May 7, 2019. We further decided that the appeal should be heard in the District Court rather than the BAP as requested by BCOA and filed the Election on May 7, 2019. We also drafted the Statement of Issues on Cross-Appeal filed on May 21, 2019.

5. Expecting that the BCOA opening brief would be due within 40 days after the record was filed, we began immediately to work on Parker's arguments against the points raised in BCOA's statement of the issues, and on Parker's cross-appeal. Substantial time was spent researching and outlining arguments during May and June 2019, as reflected in the billing record. BCOA filed a motion to extend the time for filing its opening brief on June 18, 2019, which resulted in the time to file BCOA's brief being extended to October 4, 2019.

6. The Supreme Court issued its *Taggart v. Lorenzen* decision on June 3, 2019, reversing the Ninth Circuit's *Taggart* decision. I studied the decision and discussed its impact on

the Parker case with Ms. Fong extensively in calls and emails. The decision became the basis for Parker's cross-appeal brief on the issue of contempt.

7. When BCOA finally filed its opening brief on October 4, 2019 we saw that the issues stated in the brief were significantly different from what had been listed as the "issues on appeal" in BCOA's May 8, 2019 Statement of Issues. This fact resulted in some of the work we had done based on the original "statement" being in effect wasted. We had to start over with our analysis of the issues actually being appealed.

8. I worked jointly with Marlene Fong and Marc Fong in drafting Parker's "Appellee's Opening Brief and Opening Brief on Cross-Appeal" which was filed on March 6, 2020. I wrote some sections of the brief and provided research and guidance for the entire brief. I prepared the tables of contents and authorities and provided final editing before filing. This process required significant re-writes to take into account recent cases published after the appeal was filed and after earlier drafts had been prepared, and to edit and refine the arguments on all points. We filed a supplemental brief on April 14, 2020 to advise the court of recent decisions released after Parker's opening brief was filed. I assisted in researching and writing the supplemental brief.

9. I consulted with Marlene Fong after BCOA filed its Reply on June 8, 2020 and provided guidance on drafting Parker's "Appellee's Reply Brief on Cross-Appeal" which was filed on June 22, 2020. I edited and helped revise the Reply into its final form.

10. I also discussed with Marlene Fong whether a motion to strike parts of BCOA's June 8, 2020 brief should be filed, as the brief went beyond the permissible bounds of a "reply" brief and was in effect a re-argument of BCOA's opening brief, not a reply to Parker's cross-appeal. We ultimately decided such a motion was not necessary.

11. I continued to provide Fong & Fong with information on new cases that are relevant to the Parker appeal during the time after Parker's reply was filed. I provided advice on whether it was prudent to discuss settlement with BCOA given the state of the law and the likely success of our position on the pending appeal.

12. After the District Court released its opinion on March 22, 2021 I consulted with Marlene Fong regarding how to claim the attorney's fees on appeal. I have spent approximately 2.0 hours preparing this declaration, reviewing and providing guidance on the Points and Authorities, and reviewing the time records being submitted with this motion.

` 13. My current billing rate is $400.00 per hour. During the time most of the work on this case was being done my rate was $375.00 per hour. However, to simplify the billing and evaluation of this fee motion I will set my fee rate at $350.00 per hour, to be consistent with the rate requested by Marlene Fong and Marc Fong. My hourly rate is typical for attorneys with my experience and expertise in the Seattle area.

14. I have spent approximately 15.3 of hours just of my time on this case since April 25, 2019 through the present. I also participated in much of the 53.4 hours listed in the time records as involving "multiple" attorneys, mostly in conference calls and meetings. I have spent more time on this case than I am billing for, because I regard this as an important case that justifies more work than can be billed for.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES AND THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed April 5, 2021 at Seattle, Washington.

*/s/ Christina L. Henry*_____
Christina L Henry, WSBA# 31273