**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SARAH-JANE PARKER, | No.    21-15746 |
| Debtor, | D.C. No. 4:19-cv-02588-YGR |
| LAURENCE JENNINGS; RAJ PATEL, | MEMORANDUM* |
| Appellants, | |
| v. | |
| SARAH-JANE PARKER, | |
| Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted October 17, 2022**
San Francisco, California

_____

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON, NGUYEN, and OWENS, Circuit Judges.

Appellants Raj Patel and Laurence Jennings appeal the district court's judgment affirming the bankruptcy court's imposition of damages under 11 U.S.C. § 362(k) resulting from a violation of the 11 U.S.C. § 362(a)(6) automatic stay. Appellee-Debtor Sarah-jane Parker argues that the case is moot.[1] The parties are familiar with the facts, procedural history, and arguments, so we do not recount them here. We affirm.

We review questions of mootness de novo. *S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1133 (9th Cir. 2004). In a bankruptcy appeal, we review the district court's decision de novo, and we review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002).

As a preliminary matter, we conclude that this appeal has not become moot as a result of the post-judgment settlement between Debtor and the non-appealing defendant, Bayside Court Owners Association, Inc. ("BCOA"). "[A]n issue is not moot if there are present effects that are legally significant," even if superseding events like settlements mitigate the possibility of injury. *See Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 933 (9th Cir. 2008) (quoting *Jacobus*

---

[1] As did the district court, we spell Appellee's name as she did in her correspondence with her attorneys. *See* 1-ER-07-13 n.3.

Case: 14-44083   Doc# 456   Filed: 10/27/22   Entered: 10/28/22 12:04:04   Page 2 of 6

*v. Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003)). The parties to the settlement have

not agreed to vacate the order or findings of the bankruptcy court. It may be

inferred that BCOA may seek to apply them in some manner to the detriment of

Patel and Jennings. We will not deprive the excluded parties of the opportunity to

challenge the bankruptcy court's decision and, if successful, obtain effective relief

via vacatur or reversal of the liability judgment against them. *See* 28 U.S.C.

§ 2106.

We conclude that the challenge should not succeed on the merits, however. We

agree with the district and bankruptcy courts that (1) Jennings and Patel willfully

violated the section 362(a) automatic stay, and (2) they are personally liable for

damages.

Under the automatic stay provision, actions by creditors to "collect, assess, or

recover a claim against the debtor that arose before the commencement of the

[bankruptcy proceeding]" are prohibited. 11 U.S.C. § 362(a)(6). Collection of

Debtor's unpaid homeowners association ("HOA") debts was automatically stayed

when she filed her bankruptcy petition. Appellants' execution of the lease of

Debtor's unit ("the Property") to pursue those debts violated 11 U.S.C. § 362(a)(6).

When Debtor surrendered the Property, she made it available for BCOA to

foreclose upon, but the Property was still vested in her until BCOA took that step.

Instead, BCOA executed a lease to receive rent payments itself. HOA debts, even

Case: 14-44083    Doc# 456    Filed: 10/27/22    Entered: 10/28/22 12:04:04    Page 3 of 6

those that accrue after the petition is filed, are a pre-petition obligation within section 362(a)'s automatic stay because the obligation to pay such debts is a pre-petition, *in personam* obligation that arises at the time of property purchase. *See Goudelock v. Sixty-01 Ass'n of Apartment Owners*, 895 F.3d 633, 638 (9th Cir. 2018). The bankruptcy court did not clearly err in finding that the rent payments were intended to recoup Debtor's pre-petition HOA debts. Among the evidence cited by the bankruptcy court that BCOA was pursuing repayment of automatically stayed debts via rent payments was a memo from Appellant Jennings to all BCOA members that the lease was intended to "recapture . . . all costs & delinquent amounts from [the Property]'s unfortunate 2005-2015 member resident history." Efforts to collect those debts was stayed by section 362(a).

Nor did the bankruptcy court's relief-from-stay order authorize Patel and Jennings to lease the Property. The order granted "[t]hat the automatic stay be terminated so that BCOA may exercise . . . any and all rights under the [Covenants, Conditions & Restrictions ("CC&Rs")]" pertaining to the Property. But when the bankruptcy court issued the order in April 2015, BCOA's CC&Rs did not permit the leasing of abandoned or delinquent properties, and the court would not have anticipated that action. BCOA eventually amended its CC&Rs to permit such leasing, but the new CC&Rs still did not take effect until June 22, 2015, which is after Patel and Jennings signed the lease on May 19 and 26, 2015.

Case: 14-44083    Doc# 456    Filed: 10/27/22    Entered: 10/28/22 12:04:04    Page 4 of 6

The bankruptcy court also did not clearly err by finding that Patel and Jennings acted willfully in executing the lease because (1) they knew about the automatic stay, as evidenced by BCOA's motion for relief from the stay and the lease's "Special Advisory" noting Debtor's chapter 13 bankruptcy, and (2) they engaged in intentional acts by signing the lease agreement. *See Eskanos*, 309 F.3d at 1215. That they may not have known the legal consequences of their actions did not insulate them from those consequences.

Appellants' argument based on certain state law defenses, including the state business judgment rule, fails because 11 U.S.C. § 362(k) preempts those defenses. Preemption can be inferred "where it is clear from the statute and surrounding circumstances that Congress intended to occupy the field, leaving no room for state regulation." *Sherwood Partners, Inc. v. Lycos, Inc.*, 394 F.3d 1198, 1200 (9th Cir. 2005). We have recognized "the unique, historical, and even constitutional need for uniformity" when it comes to bankruptcy disputes over "the rights and duties of creditors and embarrassed debtors alike." *MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910, 914, 915 (9th Cir. 1996). Section 362(k) is an essential part of the creditor-debtor dispute management process: it is the key deterrent enforcing section 362(a)'s automatic stay. Such deterrence is "a matter unique to the flow of the bankruptcy process itself—a matter solely within the hands of the federal courts." *Id.* at 916. "[A]llowing state law to resolve such disputes would undermine

Case: 14-44083   Doc# 456   Filed: 10/27/22   Entered: 10/28/22 12:04:04   Page 5 of 6

the uniformity of federal bankruptcy law." *Davis v. Yageo Corp.*, 481 F.3d 661, 679 (9th Cir. 2007).

When "'the statutory language is unambiguous and the statutory scheme is coherent and consistent,' we need look no further." *In re Consol. Freightways Corp. of Del.*, 564 F.3d 1161, 1165–66 (9th Cir. 2009) (quoting *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002)). Here, section 362(k) creates a coherent enforcement scheme for "*any* willful violation" of section 362(a)'s automatic stay, which itself applies to "*all* entities" and precludes "*any* act" to recover stayed debts. 11 U.S.C. § 362(k), (a), (a)(6) (emphases added). This expansive language is unambiguous.[2]

**AFFIRMED**.

---

[2] Even if section 362(k) did not preempt the business judgment rule here, Appellants' argument would be unpersuasive in this situation. Agents, such as Patel and Jennings, are personally liable for damages for an automatic stay violation. *See Sternberg v. Johnston*, 595 F.3d 937, 943–45 (9th Cir. 2010), *overruled on other grounds by In re Schwartz-Tallard*, 803 F.3d 1095 (9th Cir. 2015) (en banc). The business judgment rule, including as reflected in California Corporations Code section 7231.5(a), provides a defense to directors or officers for claims brought by or on behalf of the organization they represent, in this instance BCOA, for breach of duties owed to that organization, but it does not defend against third parties injured by the directors' or officers' action. *See, e.g., Frances T. v. Vill. Green Owners Ass'n.*, 723 P.2d 573, 582 (Cal.1986) ("[W]e must reject the defendant directors' assertion that a director's liability to *third persons* is controlled by the statutory duty of care he or she owes to the corporation . . . ." (emphasis in original)).

Case: 14-44083    Doc# 456    Filed: 10/27/22    Entered: 10/28/22 12:04:04    Page 6 of 6